NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Civil Action No.: 15-8578 (ES) |
| Robert Alan Maizus and Beverly Rachel Porway, | : : : | OPINION |
| Debtors. | : : | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is a bankruptcy appeal filed by Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Green Tree"). (D.E. No. 1). Green Tree appeals a November 17, 2015 Order, issued by the Honorable John K. Sherwood, U.S.B.J., denying Green Tree's motion to vacate a prior Bankruptcy Court order authorizing Appellees Robert Maizus ("Maizus") and Beverly Rachel Porway ("Porway" or "Debtor")[1] to sell real property in the bankruptcy estate free and clear of all liens, claims, and interests. (D.E. No. 4, Record on Appeal ("R.") at 230).[2]

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). The Court has considered the submissions made in support of and in opposition to the appeal and decides this matter without oral argument pursuant to Bankruptcy Rule 8019. For the reasons set forth below, Judge Sherwood's Order is AFFIRMED.

---

[1] Appellee Robert Maizus died in December 2010 (R. at 204). Therefore, the Court refers only to Porway as "Debtor."

[2] The Court uses the ECF-generated page numbers that appear in the footer of the Record on Appeal to specify pages therein.

### A. Factual and Procedural Background

#### 1. Debtor's Bankruptcy and the Property at Issue

On November 13, 2006, Maizus and Porway signed a note in the principal amount of $665,600 (the "Note") payable to Bank of America, N.A. ("BOA"), as well as a mortgage granting BOA a security interest in real property located at 11 Sherry Court, Wayne, New Jersey (the "Property"). (R. at 176-77). On April 1, 2010, both the Note and the mortgage were assigned to Green Tree. (*Id.* at 177).

On May 20, 2010, Maizus and Porway submitted a Voluntary Petition for Chapter 13 bankruptcy (*id.* at 1), which was initially assigned to the Hon. Novalyn L. Winfield, U.S.B.J. (Bankruptcy Docket ("Bankr. Dkt.") 7). In their Voluntary Petition, Maizus and Porway identified the Property as their primary residence and indicated that the Property's estimated value was $602,000. (R. at 1). In Schedule D of their Voluntary Petition, Maizus and Porway identified Green Tree as the creditor of the mortgage on the Property. (*Id.* at 19-21). Also in Schedule D of their Voluntary Petition, Maizus and Porway listed the following mailing addresses for Green Tree: (i) Green Tree, PO Box 6172, Rapid City, SD 57709; (ii) Green Tree, 345 Saint Peter Street, Saint Paul, MN 55102; and (iii) Green Tree, PO Box 94710, Palatine, IL 60094. (*Id.* at 20-21). Only the Rapid City mailing address is relevant for purposes of this motion.

#### 2. Green Tree's Proofs of Claim

On June 14, 2010, Green Tree filed a proof of claim asserting that it was owed $690,124.74, secured by its mortgage on the Property. (*Id.* at 65-88). Green Tree specified in its proof of claim that any notices should be sent to: Green Tree Servicing LLC, P.O. Box 6154, Rapid City, SD 57709-6154. (*Id.* at 65). Significantly, an individual named Kara Taylor signed Green Tree's proof of claim as its "Bankruptcy Representative." (*Id.*).

Three days later, on June 17, 2010, Maizus and Porway filed an objection to Green Tree's proof of claim and served the objection on "Kara Taylor, Bankruptcy Representative, Green Tree Servicing LLC, P.O. Box 6154, Rapid City, SD 57709-6154." (Bankr. Dkt. No. 12-2 at 2). Despite sending their objection to the address requested in Green Tree's proof of claim and addressing it to the attention of its bankruptcy representative who signed the proof of claim, Green Tree did not respond to this objection. (Bankr. Dkt. No. 18). On July 19, 2010, Judge Winfield denied Green Tree's claim in its entirety, finding that Maizus and Porway properly served Green Tree with their objection to the proof of claim. (*Id.*).

On August 10, 2010, Green Tree refiled a proof of claim, indicating that it was owed $688,735.40 and requesting again that notices be sent to Green Tree Servicing LLC, P.O. Box 6154, Rapid City, SD 57709-6154. (R. at 89). Kara Taylor signed Green Tree's second proof of claim as its "Bankruptcy Representative." (*Id.*). In response, Debtor filed an objection to the proof of claim and certified that the objection was served on "Kara Taylor, Green Tree Servicing LLC, P.O. Box 6154, Rapid City, SD 57709," via first-class and certified mail. (Bankr. Dkt. No. 29-2 at 2).

On September 20, 2010, Debra Roscioli, counsel of record for Green Tree, filed a response to Debtor's objection to Green Tree's second proof of claim. (*See* Bankr. Dkt. Nos. 30, 31). Ms. Roscioli also filed a certification stating that Green Tree never received Debtor's objection to the first proof of claim. (*See* Bankr. Dkt. No. 31). On November 22, 2010, Ms. Roscioli filed an affidavit from Green Tree certifying to the genuineness of the Note. (*See* Bankr. Dkt. No. 33).

### 3. Debtor's and Green Tree's Bankruptcy Court Motions

In early February 2015, Green Tree received a letter from Debtor, dated February 4, 2015, requesting that Green Tree approve a short sale of the property. (R. at 204). On February 12,

2015, Green Tree requested additional documents from Debtor to complete the review of Debtor's short-sale application. (*Id.* at 206). After not receiving the additional documents, Green Tree sent a follow-up letter on March 17, 2015, to Debtor's counsel stating that it would "not be reviewing [Debtor's] application at this time" because the additional documents were not provided. (*Id.* at 209).

On April 23, 2015, Debtor filed a Motion to Sell the Property pursuant to 11 U.S.C. § 363(b) of the Bankruptcy Code (the "Motion to Sell"). (*Id.* at 99-139). The certification attached to the Motion to Sell indicates that it was served on Green Tree at the following addresses: (1) "Green Tree, PO Box 6172, Rapid City, SD 57709-6172"; and (2) "Green Tree Servicing, Bankruptcy Department, P.O. Box 6154 Rapid City, SD 57709-6154." (*Id.* at 135-37). The former address is the address Green Tree included on its letters, dated February 12, 2015 and March 17, 2015, sent to Debtor in response to Debtor's application for a short sale of the Property. (*See id.* at 204-10). The latter address, contained in Green Tree's June 14, 2010 and August 10, 2010 proofs of claim, is the address to which Green Tree requested any notices be sent—with the exception that Debtor appears to have added "Bankruptcy Department" to this address. (*See id.* at 65, 89).

When the Motion to Sell was granted, Green Tree's counsel of record received electronic notice on behalf of Green Tree. (*Id.* at 232; *see also* District of New Jersey Clerk's Office, ECF User Manual,[3] Rev. 5-1-2013, 9 ("Transmission of the Notice of Electronic Filing constitutes service of the filed document.")). On May 28, 2015, Judge Winfield held a hearing regarding Debtor's Motion to Sell. (Bankr. Dkt. No. 66). Green Tree did not appear at the hearing. (*Id.*).

---

[3] The ECF User manual is located at http://www.njd.uscourts.gov/sites/njd/files/CMECFUserGuide.pdf.

On May 28, 2015, Judge Winfield entered an order authorizing Debtor to sell the Property "free and clear of all liens, claims, and interests" (the "Sale Order"). (*Id.*).

On August 6, 2015, Debtor moved before the Bankruptcy Court for direction of what to do with the sale proceeds of the Property. (Bankr. Dkt. No. 68, Motion to Release Liens on Sale Proceeds and to Deposit Remainder with the Court Registry (the "Proceeds Motion")). Debtor's counsel served Green Tree with this motion at the two addresses identified above, and additionally by e-mail and facsimile. (R. at 217). Ms. Roscioli received Debtor's e-mail and represented to Debtor's counsel that she no longer represented Green Tree in the matter. (*Id.* at 220-21). Yet to date, Ms. Roscioli remains counsel of record for Green Tree in Debtor's bankruptcy proceeding. (*See* Bankr. Dkt.). The record indicates that Green Tree had notice of the Proceeds Motion before August 25, 2015. (R. at 223).

On August 13, 2015, Judge Winfield held a hearing and revised the Sale Order, holding that notice and service of the Motion to Sell were proper. (Bankr. Dkt. No. 72). The Court sent notice of the Sale Order, pursuant to Bankruptcy Rule 9022, to all parties, including all counsel of record. (*Id.*). The very next day, on August 14, 2015, Sonal Sharan and Prashant Kuma ("Interveners") closed on the Property for $550,000 and recorded the deed and mortgage with the office of the county clerk on September 23, 2015. (R. at 218). To date, Interveners still reside at the Property. (*Id.*).

On October 13, 2015, Green Tree filed a motion to vacate Judge Winfield's Sale Order. (*Id.* at 160-210). Green Tree argued that Judge Winfield's Sale Order should be vacated because Green Tree "was deprived of reasonable notice and an opportunity to be heard in violation of its due process rights." (*Id.* at 161). According to Green Tree, since Debtor failed to serve "either an officer or managing agent of Green Tree as required under Fed. R. Bankr. P. 9014(b) . . . no Green

Tree agent responsible for responding to contested matters received notice of the Sale Motion, and Green Tree was deprived of an opportunity to object to the Sale Motion." (*Id.*).

On October 26, 2015, Debtor's attorney, Andy Winchell, Esq., filed a certification in opposition to Green Tree's motion to vacate. (*Id.* at 215-29 ("Winchell Cert.")). The Winchell Certification states that after submitting the short-sale package to Green Tree on or about March 12, 2015 and until August 6, 2015, "Green Tree did not respond in anyway." (*Id.* at 216). The Winchell Certification further states that on August 6, 2015, "Debtor moved the Court for direction of what to do with the proceeds of the sale," and Mr. Winchell then "looked for additional ways to serve Green Tree," especially by e-mail or fax. (*Id.* at 217). In essence, Mr. Winchell explains that he made reasonable attempts to serve Green Tree throughout Debtor's bankruptcy and the Property's short-sale process. (*Id.* at 215-18).

On November 12, 2015, oral argument was held before the Honorable John K. Sherwood, U.S.B.J. (Bankr. Dkt. No. 90; R. at 243-71). At the hearing, Green Tree requested that Judge Sherwood vacate the Sale Order. (R. at 246-47). Judge Sherwood held that the efforts to serve Green Tree, "while arguably not in compliance with Bankruptcy Rule 7004, were reasonably calculated to give Green Tree notice at two or more P.O. Box addresses that Green Tree provided to the Court and to counsel for the Debtor." (R. at 268). Judge Sherwood also noted that the law firm of counsel of record for Green Tree was served. (*Id.*). Judge Sherwood indicated concern for the impact on Interveners as bona fide purchasers of the Property and noted that Green Tree received some notice of the Motion to Sell. (*Id.*).

On November 17, 2015, Judge Sherwood denied Green Tree's Motion to Vacate the Sale Order. (*Id.* at 230). Green Tree then filed notices of appeal on November 24, 2015, with the Bankruptcy Court and on December 11, 2015, with this Court. (R. at 234; D.E. No. 1). On January

11, 2016, Green Tree filed its brief in support of this appeal. (D.E. No. 3, Brief of the Appellant ("GT Brief")).

On January 27, 2016, Interveners filed a letter with this Court requesting permission to file a motion to intervene. (D.E. No. 5). In a March 2, 2016 Letter Order, the Court directed Interveners to file a letter brief addressing the following deficiencies in their motion: (i) their late filing of their motion to intervene; (ii) their failure to indicate whether they sought intervention in the bankruptcy court; and (iii) why participating as amicus curiae would not be adequate. (D.E. No. 7). On April 3, 2016, Interveners filed a letter brief addressing the foregoing deficiencies. (D.E. No. 8). Green Tree did not file an opposition to Interveners' request.

On July 7, 2016, the Court granted Interveners' request to intervene. (D.E. No. 9). On September 7, 2016, Interveners filed their brief in opposition to Green Tree's appeal. (D.E. No 14, Intervenors'[sic], Sonal Sharan and Prashant Kuma, Opposition to Appellant's Brief ("Int. Brief")). Green Tree did not respond to Intervener's Opposition.

### B. Standard of Review

In bankruptcy cases, the district court serves an appellate function. A Bankruptcy Court's findings of fact are reviewed only for clear error. *Ettinger & Assocs. v. Miller (In re Miller)*, 730 F.3d 198, 203 (3d Cir. 2013); *see also* Fed. R. Bankr. P. 8013 advisory committee's note ("This rule accords to the findings of a bankruptcy judge the same weight given the findings of a district judge under [Federal Rule of Civil Procedure 52]."); Fed. R. Civ. P. 52(a)(6) ("Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous . . . .").[4]

On the other hand, legal conclusions are subject to plenary review by the district court and are reviewed de novo. *Interface Group-Nevada v. TWA (In re TWA)*, 145 F.3d 124, 130 (3d Cir.

---

[4] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

1998). If necessary, the district court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992). Finally, when a bankruptcy court exercises its discretion, those decisions are reviewed for abuse of discretion. *Id.*

### C. Discussion

#### 1. The Parties' Arguments

##### i. Green Tree's Arguments

The gravamen of Green Tree's appeal is that its right to due process was violated when Judge Winfield granted Debtor's Motion to Sell. According to Green Tree, "Debtor failed to comply with the service requirements set forth in Rules 9014 and 7004[5] by simply mailing to two post offices [sic] boxes a copy of the Motion without addressing it to any of the persons identified in Rule 7004(b)(3)." (GT Brief at 9). Green Tree argues that it lacked actual notice of the Motion to Sell and that service on its counsel of record in the instant bankruptcy proceeding is insufficient to meet the constitutional due process requirements. (*Id.* at 13.) Lastly, Green Tree argues that the protections in 11 U.S.C. § 363(m)—afforded to bona fide, good faith purchasers of property in a bankruptcy estate—are not applicable because its due process rights were violated. (*Id*. at 13-15).

##### ii. Interveners' Arguments

Interveners first argue that Green Tree's motion is statutorily moot under 11 U.S.C. § 363(m). (Int. Br. at 8). Interveners assert that they purchased the Property in good faith and in

---

[5] Bankruptcy Rule 9014 requires motions in a contested matter to be "served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b). Bankruptcy Rule 7004 explains the various ways service of process may be provided to various creditors. *See* Fed. R. Bankr. P. 7004.

- 8 -

reliance on the Sale Order, and consequently Green Tree is precluded from clawing back the sale of the Property. (*Id*.).

Second, Interveners argue that Debtor's "efforts to serve Green Tree were more than reasonably calculated to provide notice of the Sale Motion." (*Id*. at 18). Interveners contend that notice was reasonably calculated because Debtor served the Sale Motion on (i) Green Tree's counsel of record via e-mail, and (ii) Green Tree itself via regular mail at two addresses: "Green Tree, PO Box 6172, Rapid City, SD 57709-6172," and "Green Tree Servicing, P.O. Box 6154 Rapid City, SD 57709-6154." (*Id*. at 17-18).

### 2. Green Tree's Motion is Statutorily Moot under 11 U.S.C. § 363(m)

Any sale of property in a bankruptcy estate is governed by the provisions of 11 U.S.C. § 363, which, *inter alia*, authorize the trustee, after notice and a hearing, to use, sell, or lease property of a debtor's bankruptcy estate. 11 U.S.C. § 363(b)(1); *see Rock Airport of Pittsburgh, LLC v. Ferrone (In re Rock Airport of Pittsburgh, LLC)*, 641 F. App'x. 117, 119 (3d Cir. 2016). The Bankruptcy Code defines property of a bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

To promote certainty and finality in bankruptcy sales pursuant to 11 U.S.C. § 363(b)(1), "as well as to encourage parties to bid for assets in bankruptcy cases," § 363(m) "prohibits the reversal of a sale to a good faith purchaser of bankruptcy estate property . . . if a party fails to obtain a stay of the sale." *In re Rock Airport of Pittsburgh*, 641 F. App'x. at 119. "The benefit of a sale order is to protect the purchaser who would otherwise not take a risk in purchasing assets that could later be challenged by other parties." *In re Polycel Liquidation, Inc.*, No. 00-62780, 2006 WL 4452982, at *9 (Bankr. D.N.J. Apr. 18, 2006). The Third Circuit interprets § 363(m) to require that "two conditions must be satisfied before an appeal may be dismissed as moot under §

363(m): (1) the sale was not stayed pending appeal, and (2) reversal or modification of the Bankruptcy Court's authorization would affect the validity of the sale." *In re Rock Airport of Pittsburgh*, 641 F. App'x. at 120 (citing *Cinicola v. Scharffenberger*, 248 F.3d 110, 128 (3d Cir. 2001)).

Here, the Court agrees with Judge Sherwood that Interveners are protected by § 363(m). First, Green Tree does not dispute that Interveners were good faith, bona fide purchasers of the Property. (*See* GT Brief; R. at 247, 251-52). Second, Green Tree did not seek to stay the Sale Order pending appeal. *See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998) (holding appeal from bankruptcy order moot because buyer failed to obtain stay of sale pending appeal). Third, reversal or modification of the Bankruptcy Court's Sale Order would affect the validity of the sale here. *See Pittsburgh Food & Beverage, Inc. v. Ranallo*, 112 F.3d 645, 649 (3d Cir. 1997) (dismissing bankruptcy appeal as moot because effective relief could not be granted). Indeed, Green Tree expressly requested such relief: when asked by Judge Sherwood whether Green Tree really wanted to rescind the sale, counsel for Green Tree explained that its client wanted the Sale Order vacated. (R. at 246-47). Thus, since Green Tree did not stay the sale of the Property pending appeal, and since it seeks to affect the validity of the sale by vacating the Sale Order, Green Tree's appeal is statutorily moot.

This finding, however, does not end the Court's analysis. In order to avoid the consequences of § 363(m), Green Tree collaterally attacks the validity of the Sale Order, arguing essentially that "constitutionally mandated due process requirements for notice and an opportunity to be heard" trump the Bankruptcy Code's "interest of finality." *In re Polycel Liquidation, Inc.*, 2006 WL 4452982, at *11. The Court discusses this argument in turn.

### 3. Green Tree Received Adequate Notice of the Motion to Sell

The fundamental purpose of bankruptcy rules governing service of process is to ensure that a creditor receives actual notice of an action against it and to afford it an opportunity to protect its interests. *See In re Butts*, 350 B.R. 12, 21 (Bankr. E.D. Pa. 2006) (explaining that a purpose of service of process is to provide notice). The United States Supreme Court has explained that deficient service of process deprives a creditor "of a right granted by a procedural rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). The deprivation of a right to a particular method of service of process, however, does not always "amount to a violation of [a creditor's] constitutional right to due process" because notice may have nevertheless been provided. *Id.* (holding that a creditor's constitutional right to due process was not violated when it was not served according to Bankruptcy Rule 7004(b)(3) because it received actual notice of the filing and contents of debtor's plan).

The requirements for constitutional due process may still be met even if attempts to provide a creditor with notice is not in conformance with statutory strictures. *See Summit City Limits, LLC v. AMF Bowling Worldwide* (*In re AMF Bowling Worldwide*), No. 12-36495, 2013 WL 5575470, at *5 (Bankr. E.D. Va. Oct. 9, 2013) ("[S]ervice under Rule 7004 of the Federal Rules of Bankruptcy Procedure is not constitutionally mandated."). The requirements for constitutional due process may be met in two ways. First, actual notice may be sufficient but not necessary to satisfy due process requirements. *See Espinosa*, 559 U.S. at 272 (2010) (holding creditor's constitutional right to due process not violated when it received actual notice); *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (holding that "[d]ue process does not require that a property owner receive actual notice before the government may take his property"). Second, due process may be satisfied by providing "notice reasonably calculated, under all the circumstances, to apprise

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Espinosa.*, 559 U.S. at 272 (2010). To be sure, "process that may be constitutionally sufficient in one setting may be insufficient in another." *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 239 (3d Cir. 2008); *see also Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196 (2001) (stating that due process "negates any concept of inflexible procedures universally applicable to every imaginable situation").

The statutory requirement for service of process is set forth under 11 U.S.C. § 363(b)(1). Specifically, a motion to sell estate property under § 363(b)(1) requires "notice and a hearing." Bankruptcy Rule 9014 further requires that the motion "be served in the manner provided for service of a summons and complaint by [Bankruptcy] Rule 7004." Fed. R. Bankr. P. 9014(b). Bankruptcy Rule 7004, in turn, requires that service on a domestic corporation be addressed "to the attention of an officer, a managing or general agent, or to any other agent authorized . . . by law to receive service of process." Fed. R. Bankr. P. 7004(b)(3). Although a creditor has a due process right to receive notice of a bankruptcy proceeding that would implicate its property interest in its liens, a "[v]iolation of the Bankruptcy Rules does not . . . automatically create a due process violation." *Jacobo v. BAC Home Loans Servicing LP*, 477 B.R. 533, 541 (D.N.J. 2012); *see also In re Mansaray-Ruffin*, 530 F.3d at 239 (stating that creditors have a right to expect notice and opportunity to be heard before their property interest is impaired).

Here, Debtor has provided Green Tree with proper service of process pursuant to Bankruptcy Rule 7004(b)(3). When a creditor submits a proof of claim to the court and voluntarily designates an "address to be the one to which all notices are sent, [the creditor] has held this address out to be the proper address for service under Bankruptcy Rule 7004(b)(3)." *In re Village Craftsman*, *Inc.*, 160 B.R. 740, 745 (Bankr. D.N.J. 1993). As the Tenth Circuit explained to Green

Tree itself in another case, "Green Tree cannot submit a single address for receiving notices and then subsequently argue that it is not the proper address" to receive notices in the same bankruptcy proceeding. *Green Tree Fin. Servicing Corp., Consumer Fin. Div. v. Karbel (In re Karbel)*, 220 B.R. 108, 113 (B.A.P. 10th Cir. 1998); *accord Ms. Interpret v. Rawe Druck-und-Veredlungs-GmbH (In re Ms. Interpret)*, 222 B.R. 409, 415-16 (Bankr. S.D.N.Y. 1998). Like the creditors in *In re Village* and *In re Karbel*, Green Tree designated a post office box address to receive notices in both proofs of claim, holding "this address out to be the proper address for service under Bankruptcy Rule 7004(b)(3)." *In re Village Craftsman, Inc.*, 160 B.R. at 745. Consequently, this Court rejects Green Tree's argument that the very address it held out as proper for service of proofs-of-claim notices is improper for service of bankruptcy notices.

Furthermore, even if Debtor did not precisely comply with Bankruptcy Rule 7004(b)(3) in serving the Motion to Sell, the Court finds that Debtor's attempts to serve Green Tree were "reasonably calculated, under all the circumstances, to apprise [Green Tree] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To that end, the Court agrees with Interveners that this case is more analogous to *Wells Fargo Home Mortg., Inc. v. Borkowski (In re Borkowski)*, 446 B.R. 220 (Bankr. W.D. Pa. 2011), where the creditor's right to due process was not violated when debtor (i) mailed the relevant papers to the address listed on appellant's proof of claim and (ii) electronically served appellant's attorney of record. (Int. Brief at 14-19).

As Judge Sherwood held, efforts to serve Green Tree at two post office box addresses listed in its proofs of claim and with the court were "reasonably calculated" to provide Green Tree with notice of the pendency of the Motion to Sell. (R. at 268). The two proofs of claim submitted by

Kara Taylor, on behalf of Green Tree,[6] requested that notices be sent to "Green Tree Servicing LLC, P.O. Box 6154, Rapid City, SD 57709." (*Id.* at 65; 89). Debtor's counsel certified that he served Debtor's objections to Green Tree's two proofs of claim to "Kara Taylor, Green Tree Servicing LLC, P.O. Box 6154, Rapid City, SD 57709." (Bankr. Dkt. Nos. 12-2 at 2; 29-2 at 2). While Green Tree did not respond to the first objection, Ms. Roscioli, Green Tree's counsel of record, responded on behalf of Green Tree to its second proof of claim. (Bankr. Dkt. No. 30). Paradoxically, although Green Tree submitted an affidavit that it has "no record of receiving the Debtors' first objection to" its first proof of claim—which appeared to be properly addressed to the attention of Green Tree's bankruptcy representative and to the address Green Tree requested notices be sent—Green Tree's records do confirm that it did receive the Motion to Sell, which was not addressed to any bankruptcy representative. (Bankr. Dkt. No. 31, Kimberly Ericks Affidavit; R. at 178-79; GT Br. at 4).

Additionally, as Judge Sherwood noted, Green Tree received adequate due process because the attorney of record received various notices of the bankruptcy action.[7] (R. at 268); *see also In re Borkowski*, 446 B.R. at 225 (rejecting creditor's due process challenge when its counsel was electronically served with papers through ECF); *In re Guterl Special Steel Corp.*, 316 B.R. 843, 852 (Bankr. W.D. Pa. 2004) (where notice of hearing is served on creditor's attorney of record at the time notice and application were filed, creditors due process rights were not violated). When the bankruptcy court entered the Sale Order, "[n]otice of the sale order was sent through the

---

[6] Kara Taylor signed the first two proofs of claim as Green Tree's "bankruptcy representative." (R. at 65, 89).

[7] As the ECF user manual explains, "[u]pon the electronic filing of a pleading or other document, the court's Electronic filing system will automatically generate and send a notice of electronic filing (NEF) to all Efilers associated with that case. Transmission of the Notice of Electronic Filing constitutes service of the filed document." District of New Jersey Clerk's Office, ECF User Manual, Rev. 5-1-2013, 9, http://www.njd.uscourts.gov/sites/njd/files/CMECFUserGuide.pdf.

Court's CM/ECF electronic mail system to Debra L. Roscioli, Esq., who represented Green Tree at earlier stages in the bankruptcy proceeding, but apparently not at the time of the sale motion." (R. at 232). Specifically, Ms. Roscioli entered an appearance on behalf of Green Tree on September 20, 2010, to respond to Debtor's objection to Green Tree's second proof of claim. (Bankr. Dkt. Nos. 30, 31). Ms. Roscioli signed an affidavit in support of this second proof of claim on behalf of Green Tree as "attorney for Green Tree Servicing, LLC." (*Id.*). Moreover, on August 6, 2015, when Debtor's counsel e-mailed Ms. Roscioli Debtor's Proceeds Motion, Ms. Roscioli represented to Debtor's counsel—for the first time in five years—that she no longer represented Green Tree in the matter, despite never filing a substitution of attorney or notice of withdrawal. (R. at 220). Thus, Green Tree received adequate due process because its attorney of record received various notices of the Motion to Sell—as well as subsequent motions—through CM/ECF and from Debtor's counsel and because Debtor mailed notices to two post office box addresses listed in Green Tree's proofs of claim.

Green Tree relies on *Jacobo* for the proposition that notices "mailed to two post boxes [is] insufficient to provide actual notice and comply with due process." (GT Brief at 11). The *Jacobo* court held that BAC Home Loans LP's ("BAC") right to due process was violated because "service on [BAC] of the Chapter 13 confirmation plan and notice of the hearing intending to cram or strip down [BAC]'s secured lien was clearly deficient." 477 B.R. at 540. According to Green Tree, this Court is compelled to hold the same because this case shares the following facts with *Jacobo*: (1) BAC and Green Tree are both nationwide servicers of loans; (2) BAC and (allegedly) Green Tree made statutorily deficient attempts to serve generically addressed motions at post office boxes; (3) BAC and (allegedly) Green Tree lacked actual notice; (4) and BAC and Green Tree failed to respond to a motion impacting their respective property interests. (GT Brief at 11-12).

Green Tree's reliance on *Jacobo* is misplaced, however, because those facts are easily distinguishable from this case. (GT Brief at 11-12). First, BAC is an insured depository institution, and therefore the debtor's service needed to comply with Bankruptcy Rule 7004(h) and not Bankruptcy Rule 7004(b)(3), which pertains to service on a domestic corporation. 477 B.R. at 539 (stating that Rule 7004(h) "impos[es] more stringent requirements for service by specifying that service be made *on an officer rather than an agent*"). Moreover, BAC never filed a proof of claim requesting notice be sent to a particular address, *id.* at 535-37, whereas here, Green Tree filed a total of three proofs of claim requesting notices be sent to a particular address (*see* R. at 65, 69, 91). Furthermore, Green Tree's counsel of record received various notices of the Motion to Sell and other motions through CM/ECF and from Debtor's counsel. (R. 220, 232). Under the circumstances in *Jacobo*, notice was not "reasonably calculated" to apprise BAC of the debtor's bankruptcy and hearing. 477 B.R. at 540; *see also In re Mansaray-Ruffin*, 530 F.3d at 239 (stating that "determination regarding the process due in any particular case depends on the context"). For the reasons discussed at length above, the same cannot be said here.

Accordingly, Debtor's efforts to serve Green Tree were reasonably calculated to provide Green Tree with notice of the pendency of the Motion to Sell.

### D. Conclusion

For the foregoing reasons, the Court finds that Debtor's appeal is statutorily barred under 11 U.S.C. § 363(m) and that Debtor's service of its Motion to Sell did not violate Green Tree's due process rights. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
